WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

___ FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 1 5 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CASE NO.: 22-04154-MJ-01-PCT-CDB

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 2 2 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES OF AMERICA v. **SAMUEL HAWKINS EDWARDS**

**VIOLATION(S) PLEADING GUILTY TO:**
**Count 1 of the Complaint:** Illegal Raft Trip (Colorado River) in a Park Area, in violation of 36 C.F.R. § 7.4(b)(3), a Class B misdemeanor.
**Count 2 of the Complaint:** Violation of Closure Order (Entering a Restricted Cave), in violation of 36 C.F.R. § 1.5(f), a Class B misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00 per count
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months per count
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00 per count

**RULE 11(c)(1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:** [handwritten: two years of supervised probation, which shall run concurrent to probation in Count 2 PvA SRG Se]
**Count 1 of the Complaint:** The defendant shall be sentenced to ~~a term of imprisonment of time served plus seven (7) days~~. Fine, in addition to the mandatory special assessment of $10.00, in the amount of $2,500.00.
**Count 2 of the Complaint:** The defendant shall be sentenced to two years of supervised probation. In addition to the mandatory and standard conditions of supervised probation set forth in General Order 17-18, as well as any terms of supervision the Court deems appropriate, the defendant shall abide by the following supervision conditions (with the specific language of those conditions to be in the discretion of the Court):
  1. You must submit to substance abuse testing. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the cost of testing in an amount to be determined by the probation officer.
  2. You are banned from all National Parks, National Monuments, and National Recreation Areas in the United States during the term of your supervision, with the exception of traveling through those areas on any federal, state, and/or local highways or roads.
  3. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

1

4. The United States Attorney's Office has no objection to lawful international travel so long as he obtains court and/or probation approval to the extent applicable.

The parties stipulate and agree that the submission of drug testing under Mandatory Condition #3 shall be suspended. Substance abuse testing shall be in the discretion of the probation officer.

No fine, but the defendant shall pay the mandatory special assessment of $10.00.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentences are accepted by the Court, the United States Attorney's Office agrees that it will (1) not file any additional charges pertaining to the facts set forth in the affidavit supporting the criminal complaint in Case No. 22-04154-PCT-CDB; and (2) dismiss the Pretrial Services Revocation Petition as moot to the extent it is still pending. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**ELEMENTS OF OFFENSE(S):** On or about September 27, ~~2021~~ 2020 [WV, 5/15/23 SRG] to October 12, ~~2022~~ 2020 [WV, 5/15/23 SRG], within the confines of the Grand Canyon National Park, in the District of Arizona:

> **Count 1 of the Complaint:** The defendant did unlawfully conduct, lead, or guide a Colorado whitewater boat trip without a permit issued by the Superintendent of the Grand Canyon National Park. 36 C.F.R. § 7.4(b)(3).
>
> **Count 2 of the Complaint:** The defendants did unlawfully violate a closure order, designation, use or activity restriction or condition, or public use limit, in that the defendant entered Thunder Cave. 36 C.F.R. § 1.5(f).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about September 27, 2020 to October 12, 2020, within the confines of the Grand Canyon National Park, in the District of Arizona, I, along with Brittany Leigh Hunter, went on, conducted, participated in, and led a whitewater boat trip without a permit issued by the Superintendent of the Grand Canyon National Park. I knew we were supposed to have a permit but went on the trip without one. Our illegal boat trip (on a raft) was on the Colorado River and included (at least) the stretch of

2

>the river from Boat Beach (RM 87) to Whitmore Wash in the Grand Canyon National Park.
>
>Additionally, while on the illegal boat trip, I, along with Brittany Leigh Hunter, entered the Thunder River Cave in the Grand Canyon National Park. We entered the cave without a permit and in violation of a closure order. We entered the cave on or about September 30, 2020.
>
>I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Samuel Hawkins Edwards,** understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to

the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties has been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

//////

**I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.**

_____  MAY-15-2023
Samuel Hawkins Edwards                Date
Defendant


_____  5/15/2023
Stephen R. Glazer, Esq.                Date
Attorney for the Defendant


_____ for P.V.S.  5/15/23
Paul V. Stearns                        Date
Assistant United States Attorney


_____  5/15/2023
Camille D. Bibles                      Date
U.S. Magistrate Judge


__✓__ ACCEPTED      _____ REJECTED

5